## UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

Dale Williams
37 E Winton Ave
Bloomfield, CT 06002                    **COMPLAINT**
Plaintiff,

V.                                      **JURY TRIAL DEMANDED**

TD BANK US HOLDING COMPANY              **CASE NO.**
1701 Rout 70 East
Cherry Hill, NJ 08003                        JUN 23 2025 PM3:17
Defendant,                              FILED-USDC-CT-HARTFORD

## INTRODUCTION

1. This lawsuit is filed by Dale Williams (referred to as "Plaintiff"), an individual consumer,
against TD BANK US HOLDING COMPANY ("Defendant") for alleged violations of the Fair
Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Plaintiff seeks legal relief for
inaccurate, misleading, false, and erroneous credit reporting, which constitutes a violation of the
FCRA. Through this civil action, Plaintiff aims to hold Defendant accountable for unlawful
credit reporting practices and to seek actual, punitive, and statutory damages.

2. The Fair Credit Reporting Act (FCRA) sets forth a comprehensive framework of protections
aimed at shielding consumers from the adverse effects of inaccurate credit reporting. Through
these safeguards, the FCRA reduces the risks posed by false or misleading credit information. In
enacting the FCRA, Congress intended to strike a balance between the financial industry's need
for dependable credit data and consumers' rights to fair and accurate reporting.

3. Congress has acknowledged that fair and accurate credit reporting is vital to the stability and
integrity of the nation's banking and financial systems. Inaccurate or misleading credit
information undermines consumer confidence and can erode public trust in financial institutions.
To mitigate these harms and ensure the reliability of credit reporting practices, Congress enacted
the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The FCRA was designed to
promote accuracy, fairness, and the privacy of consumer information, thereby safeguarding both
individual rights and the effective operation of the broader financial marketplace.

## JURISDICTION AND VENUE

4. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and Defendant conducts business in this district."

## PARTIES

5. The plaintiff is a natural person residing in the District of Connecticut. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

6. The defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

7. Upon information and belief, Defendant's principal place of business is 1701 Rout 70 East Cherry Hill, NJ 08003

## FACTS OF THE COMPLAINT

8. On or around January 09, 2023, Plaintiff incurred financial obligations for an alleged credit card with Defendant in the amount of $8,000 from a transaction in which money, property, insurance, or service, which are the subject of the transaction, are primarily for personal, family, and household purposes.

9. On or about April 30, 2025, while reviewing his credit reports from TransUnion, Equifax, and Experian, Plaintiff discovered multiple inaccuracies, including false payment history, inaccurate account data, and incomplete balance information. Upon identifying these errors, Plaintiff promptly submitted disputes to each of the three major credit reporting agencies. In his dispute letters, Plaintiff clearly and specifically identified the inaccurate and incomplete data points, including the incorrect balances and payment history, and provided sufficient detail to enable both the furnishers and the credit reporting agencies to conduct a reasonable investigation.

10. From February 2023 through April 2025, Defendant willfully failed to report the actual amounts paid by Plaintiff to TransUnion, thereby furnishing incomplete and materially misleading information in violation of its obligations under the Fair Credit Reporting Act. **(See Exhibit A)**

11. From January 2023 through April 2025, Defendant willfully failed to report both the account balances and scheduled payment amounts to TransUnion, resulting in materially incomplete and misleading credit information in violation of the Fair Credit Reporting Act.

12. Defendant is inaccurately reporting a credit limit of $300 to both Experian and TransUnion when the actual credit limit on the account is $8,000. This materially misleading and incomplete reporting distorts Plaintiff's overall credit utilization ratio and adversely affects Plaintiff's creditworthiness. **(See Exhibit A & B)**

13. Defendant inaccurately reported to TransUnion, Experian, and Equifax the account as 30 days late for the month of October 2024. However, the minimum payment of $214.00 was not due until October 8, 2024, and Plaintiff made a payment of $254.00 on October 16, 2024, well within the 30-day window required to avoid delinquency reporting under industry standards. This reporting was factually incorrect and materially misleading. **(See Exhibit A-D)**

14. Additionally, Defendant failed to mark the account as disputed with TransUnion, Equifax & Experian after being notified of the inaccuracies. **(See Exhibit A-C)**

15. From December 2021 through October 2023, the actual amounts paid were not accurately reported by Defendant to Equifax in the balance history section. Despite payments being made during these periods, the balance history fails to reflect these payment amounts, resulting in misleading and incomplete reporting.

16. From January 2023 through May 2023, Defendant failed to report any balances on the account in the balance history section. This omission resulted in incomplete and misleading information being furnished to Equifax.

17. From January 2023 through May 2023, Defendant failed to report to Experian the actual amounts paid, the accurate monthly balances, and the scheduled payment amounts in the balance history section of Plaintiff's credit file. This omission constitutes the furnishing of incomplete and materially misleading information.

18. In the account information section of the Experian credit report, Defendant failed to report the terms of the account. This omission renders the tradeline incomplete and materially misleading.

19. From January 2023 through May 2023, Defendant failed to report to Equifax the actual amounts paid by Plaintiff, as well as the corresponding account balances and scheduled payment amounts. This failure to furnish accurate and complete payment history constitutes materially misleading reporting.

20. On or around April 30, 2025, Plaintiff submitted a dispute to Defendant through Equifax, TransUnion, and Experian, asserting that the account was reporting inaccurate information and requesting that a reasonable investigation be conducted. The dispute clearly identified the account in question and detailed the specific inaccuracies, placing Defendant on notice of its obligation under the Fair Credit Reporting Act to investigate the disputed information and correct or delete any unverifiable or inaccurate data.

21. Upon information and belief, TransUnion, Equifax, and Experian forwarded notice of the plaintiff's dispute, along with all relevant information included in the FCRA dispute letter, to the defendant within five (5) business days of receiving the dispute as required by the Fair Credit Reporting Act, Despite receiving such notice, the defendant failed to conduct a reasonable investigation, failed to correct inaccurate and incomplete information, and continued to report the

3

disputed account data without marking it as disputed or rectifying the identified errors, in violation of 15 U.S.C. § 1681s-2(b).

22. On or around May 20, 2025, the plaintiff received dispute results from TransUnion, indicating that the defendant had verified the previously disputed information as accurate. However, the information verified by the defendant remained inaccurate and incomplete, including but not limited to erroneous balances, payment history, credit limit, and failure to report the account as disputed.

23. On or around May 20, 2025, the plaintiff received dispute results from Experian, indicating that the defendant had verified the previously disputed information as accurate. However, the information verified by the defendant remained inaccurate and incomplete, including but not limited to erroneous balances, credit limit, payment history, and failure to report the account as disputed.

24. On or around May 20, 2025, the plaintiff received dispute results from Equifax, indicating that the defendant had verified the previously disputed information as accurate. However, the information verified by the defendant remained inaccurate and incomplete, including but not limited to erroneous balances, payment history, and failure to report the account as disputed.

25. The defendant's verification of this inaccurate and incomplete information, despite being provided with all relevant documentation and having a duty to conduct a reasonable investigation, constitutes a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). This failure caused continued harm to the plaintiff by allowing materially misleading and damaging information to remain on the plaintiff's credit report.

27. Following the expiration of the thirty (30) day investigation period prescribed by the Fair Credit Reporting Act (FCRA), the defendant failed to delete or modify the inaccurate information as required under 15 U.S.C § 1681s-2(b). Despite receiving the dispute and having an obligation to conduct a reasonable investigation, the defendant continued to report incomplete and inaccurate payment history, including erroneous delinquency notations, missing payment details, and incorrect account status. As of the date of this filing, the payment history remains materially inaccurate and incomplete, in direct violation of the FCRA.

29. Upon information and belief, the defendant either failed to conduct any investigation whatsoever or conducted an unreasonably cursory and inadequate investigation, in violation of its obligations under 15 U.S.C. § 1681s-2(b). As a result, the defendant erroneously verified the inaccurate and incomplete account information as accurate despite clear discrepancies and the plaintiff's submission of supporting documentation. This failure to conduct a reasonable investigation perpetuated the reporting of false information and caused continued harm to the plaintiff.

30. The defendant neglected to review all relevant information provided by the plaintiff in support of the plaintiff's disputes, as required under 15 U.S.C. § 1681s-2(b). This failure to consider the submitted documentation constitutes a violation of the FCRA, which mandates that furnishers of information conduct a reasonable investigation by reviewing all relevant data

4

provided by the consumer reporting agency. The defendant's disregard of this obligation contributed to the continued reporting of inaccurate and incomplete information, thereby causing ongoing harm to the plaintiff.

31. Upon receipt of the plaintiff's disputes, the defendant failed to conduct an investigation or reinvestigation regarding the disputed information, as required by 15 U.S.C. § 1681s-2(b). Instead of fulfilling its statutory duty to investigate and correct any inaccuracies or incomplete data, the defendant allowed the disputed information to remain on the plaintiff's credit file without modification. This failure constitutes a direct violation of the FCRA and resulted in the continued publication of false and misleading credit information, to the plaintiff's detriment.

32. Had the defendant undertaken a diligent and reasonable investigation, the account in question would have reflected accurate credit limits, correctly recorded payments, and precise account details. A proper investigation would have resulted in a clear, truthful, and complete credit report in compliance with the defendant's obligations under the Fair Credit Reporting Act.

33. The defendant's negligence in conducting a thorough and reasonable investigation not only constituted a breach of its statutory duty but also resulted in its failure to correct and update the plaintiff's information, as mandated by 15 U.S.C. § 1681s-2(b). This willful or negligent disregard for its legal obligations has led to the continued reporting of inaccurate and incomplete information on the plaintiff's credit file. Such conduct is a clear and ongoing violation of the Fair Credit Reporting Act and has caused harm to the plaintiff, including reputational damage, diminished creditworthiness, and interference with the ability to obtain credit or favorable terms.

34. The plaintiff has a congressionally defined right under the Fair Credit Reporting Act to have consumer reporting agencies (CRAs) maintain only accurate and complete information in their credit files. This right ensures that all reported data and communications concerning the plaintiff's credit are free from misrepresentations, inaccuracies, and omissions. The FCRA was enacted, in part, to protect consumers like the plaintiff from the harm caused by the dissemination of false or misleading credit information.

35. The Fair Credit Reporting Act (FCRA) requires furnishers of credit information to report only accurate and complete data to consumer reporting agencies. As the Sixth Circuit has acknowledged, "the FCRA imposes a duty on furnishers of credit information to provide accurate information about their customers." *Chandler v. Peoples Bank & Tr. Co. of Hazard*, 769 F. App'x 242, 247–48 (6th Cir. 2019). This obligation is essential to preserving the reliability of the credit reporting system and affirms the plaintiff's right to be safeguarded against the damaging effects of false, misleading, or incomplete credit data.

36. The defendant's persistent reporting of inaccurate, misleading, and derogatory information was not merely negligent. It was willful. The defendant made a conscious decision to continue reporting false information despite being aware of its inaccuracy and having received notice of the error through the plaintiff's dispute(s) and supporting documentation. This knowing and intentional disregard of the truth constitutes a willful violation of the Fair Credit Reporting Act. As a result, the plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n, in addition to any actual damages, punitive damages, and costs, as provided by law.

## PLAINTIFF'S DAMAGES

37. As a direct and foreseeable result of Defendant's ongoing inaccurate, misleading, and derogatory credit reporting, Plaintiff has sustained substantial actual damages. These damages include, but are not limited to, significant out-of-pocket expenses and time lost in attempting to dispute and correct the inaccurate information; a measurable decline in Plaintiff's credit score and overall creditworthiness; and adverse actions taken by other creditors in reliance on the inaccurate tradeline. Specifically, due to Defendant's false reporting of a 30-day late payment, one American Express credit limit was reduced from $2,500 to $2,400, another from $2,500 to $2,300; a Barclays account was reduced from $14,000 to $6,450; and another Barclays account was reduced from $14,500 to $10,700. Plaintiff has also suffered substantial emotional distress, including anxiety, frustration, embarrassment, and humiliation, all stemming from the financial uncertainty and reputational harm caused by Defendant's repeated violations of the Fair Credit Reporting Act.

38. The Plaintiff's creditworthiness has been adversely affected, leading to significant emotional distress, torment, time wasted, and mental anguish as a direct result of the Defendant's actions outlined herein. Additionally, Plaintiff has incurred out-of-pocket expenses related to credit repair services, experienced credit denials, and sought private counsel in an effort to dispute Defendant's conduct. These circumstances have also led to the assignation of character, feelings of humiliation and embarrassment for the Plaintiff.

## Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b).

39. The plaintiff reincorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

40. The Defendant is found to have violated 15 U.S.C § 1681s-2(b) by willfully failing to adhere to all requirements established for furnishers of information, as specified in 15 U.S.C. § 1681s-2(b).

41. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information from Plaintiff's file. This failure persisted despite the fact that the Defendant conducted an investigation into the disputed information. Defendant had a statutory duty to verify the accuracy of the data in Plaintiff's file and take corrective action when discrepancies were identified. However, their inaction allowed erroneous information to remain in the Plaintiff's credit file. Furthermore, Defendant failed to fulfill its duty under 15 U.S.C. § 1681s-2(b) by neglecting to thoroughly review all relevant information related to Plaintiff's account. This inadequate investigation breached the obligations set forth in the statute.

42. Defendant violated 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act (FCRA) by willfully neglecting to thoroughly review all pertinent information related to the Plaintiff's account. Had the Defendant thoroughly verified the information as required by the FCRA, they would have recognized that the information was inaccurate. This failure to conduct a proper investigation undermined the obligations established under the statute.

6

43. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

44. The defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

45. The defendant's conduct exhibits a willful disregard for accuracy, as it had clear knowledge of the inaccuracies reported. Despite receiving Fair Credit Reporting Act (FCRA) dispute notices from TransUnion Experian and Equifax, the defendant continued to report the accounts inaccurately.

46. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to mark the account as disputed with TransUnion, Experian, and Equifax despite receiving notice of the plaintiff's dispute and while the matter remained unresolved. This omission constitutes a clear violation of the FCRA, which requires that furnishers report information that is not only factually accurate but also complete and not misleading. By failing to indicate that the account was in dispute, the defendant materially misrepresented the status of the account, thereby misleading users of the plaintiff's credit report and compounding the harm caused by its inaccurate reporting.

47. Defendant exhibited a profound disregard for Plaintiff's rights and displayed an unjustifiably high level of risk to Plaintiff by failing to conduct a comprehensive and thorough investigation into the FCRA disputes. This neglect has persisted up to the present time, as Defendant has not taken the necessary actions to correct the inaccuracies.

48. The aforementioned actions and omissions represent multiple willful, reckless, or negligent violations of the FCRA, specifically citing each provision of the FCRA, 15 U.S.C § 1681, et seq.

49. As a direct consequence of every willful violation of the Fair Credit Reporting Act (FCRA), the Plaintiff is unequivocally entitled to restoration. This includes actual damages determined by the court under 15 U.S.C. § 1681n(a)(1), statutory damages as specified in 15 U.S.C. § 1681n(a)(1), and punitive damages that the Court may rightfully grant under 15 U.S.C. § 1681n(a)(2).

50. As a result of each and every negligent noncompliance of the FCRA, the Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1);.

## DEMAND FOR JURY AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded damages and restoration from Defendant, as follows:

• An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

7

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of actual damages pursuant to 15 U.S.C. § 1681o;
- Any other relief that this Court deems just and proper.

Respectfully submitted,

Dale Williams
37 E Winton Ave
Bloomfield, CT 06002
(347) 206-1942
Email: Aviawilly1974@gmail.com
Plaintiff, Pro Se

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in
the above action, that he/she has read the above complaint, and that the information
contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.
Executed at _____ on _____.

Plaintiff's Original Signature

8